IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CANINE FOUNDATION,<br><br>    Plaintiff,<br><br>  v.<br><br>BEN SUN, D.V.M., THE PUBLIC HEALTH VETERINARIAN FOR THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants | No. C-06-4713 MMC<br><br>**ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Docket No. 36) |

Before the Court is the motion filed September 21, 2006 by defendants Ben Sun, D.V.M., the Public Health Veterinarian for the State of California ("Dr. Sun"), the California Department of Health Services ("CDHS"), and the California Health and Human Services Agency ("CHHSA"), (jointly, "State Defendants"), to dismiss for lack of subject matter jurisdiction all causes of action asserted against them in the Second Amended Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Plaintiff American Canine Foundation ("ACF") has filed opposition to the motion; the State Defendants have filed a reply.  Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**

In 2005, the California Legislature enacted Senate Bill 861 ("SB 861"), which

amended Food and Agriculture Code § 31683 to permit cities and counties to enact breed-specific programs for the control of potentially dangerous or vicious dogs, but only to the extent permitted under Health and Safety Code § 122331(a). See Cal. Agric. Code § 31683. Section 122331(a) permits cities and counties to enact "dog breed-specific ordinances pertaining only to mandatory spay or neuter programs and breeding requirements, provided that no specific dog breed, or mixed dog breed, shall be declared potentially dangerous or vicious under those ordinances." See Cal. Health & Safety Code § 122331(a). Cities and counties that implement such programs must compile statistics on dog bites and submit them to the State Public Health Veterinarian. See Cal. Health & Safety Code § 122331(b).[1] ACF alleges the City and County of San Francisco enacted pursuant to § 122331(a) a breed-specific mandatory spay or neuter ordinance, specifically San Francisco Health Code, Article I, § 43.1, and that Los Angeles County also passed such an ordinance, by amending Title 10 of the Los Angeles County Code.[2] (See Second Amended Complaint ("SAC") at 6:23-25, 7:1-21.)

ACF asserts ten federal and state law causes of action against the State Defendants and seeks, inter alia, an "[o]rder for prospective injunctive relief preventing application of SB 861 or the enforcement of any laws drafted as a result of its enactment." (See SAC at 25:17-19.)

By the instant motion to dismiss, the State Defendants contend they are immune under the Eleventh Amendment from suit in federal court and that, in any event, ACF lacks standing to assert a claim against the State Defendants.

---

[1] Such statistics must "identify dog bites by severity, the breed of the dog involved, whether the dog was altered, and whether the breed of dog was subject to a [breed-specific mandatory spay or neuter] program." See id.

[2] Title 10 regulates animals generally and encompasses more than a spay or neuter program. Although one section of Title 10 establishes mandatory spaying or neutering of dogs, that section is not breed-specific; rather, it mandates spaying or neutering of all dogs, subject to certain exceptions unrelated to breed. See Los Angeles County Code § 10.20.350.

2

**LEGAL STANDARD**

Where, as here, "defendants have made a facial rather than a factual attack on subject matter jurisdiction," pursuant to Rule 12(b)(1), the Court must "take the allegations in the plaintiff's complaint as true" and "draw all reasonable inferences in [the plaintiff's] favor." See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); see also Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). Courts are not required "to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," or to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations and citations omitted).

**DISCUSSION**

**A.   Eleventh Amendment Immunity: CDHS and CHHSA**

As noted, the State Defendants contend CDHS and CHHSA are immune, under the Eleventh Amendment, from suit in federal court.

Regardless of the nature of the claim or the relief sought, a federal action "in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996).[3] CDHS and CHHSA are state agencies and thus are immune from suit in federal court. See Biomedical Patent Management Corp. v. California, Dept. of Health Services, No. C 06-00737, 2006 WL 1530177, at *2, *7 (N.D. CA June 5, 2006) (dismissing suit against CDHS pursuant to Eleventh Amendment); see also Cal. Gov. Code § 12800 (identifying

---

[3] This rule is subject to three exceptions. First, a state and its agencies may waive their Eleventh Amendment immunity, provided they "express [their] consent to suit unequivocally." See Hibbs v. Dept. of Human Resources, 273 F.3d 844, 851 (9th Cir. 2001). Second, Congress may abrogate states' immunity by unequivocally expressing its intent to do so in a statute enacted pursuant to Section 5 of the Fourteenth Amendment. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). Finally, state agencies that operate independently of the state are not immune from suit in federal court. See Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 50 (1994). There is no contention that any of these exceptions is applicable to the instant action.

1    CHHSA as state agency).

2    Accordingly, to the extent the State Defendants seek dismissal of the causes of
3    action asserted against CDHS and CHHSA, the motion will be granted.

4    **B.     Eleventh Amendment Immunity: Dr. Sun**

5    As noted, the State Defendants also seek dismissal, pursuant to the Eleventh
6    Amendment, of all causes of action asserted against Dr. Sun.

7    Under the Eleventh Amendment, state officers are immune from suit in federal court
8    for violations of state law.  See Pennhurst, 465 U.S. at 106.  Thus, to the extent the State
9    Defendants seek dismissal of the state law causes of action asserted against Dr. Sun, the
10   motion will be granted.

11   The Court next turns to the federal claims against Dr. Sun.  In that regard, the
12   Eleventh Amendment does not bar, and federal courts have jurisdiction to hear, a suit
13   against a state officer under only two limited exceptions.  As discussed below, neither
14   exception is applicable to Dr. Sun.

15   First, where a plaintiff alleges enforcement of a state law violates federal law, and
16   seeks to enjoin such enforcement, the Eleventh Amendment does not bar a federal action
17   against a state official who has a duty to enforce the challenged state law.  See, e.g., Ex
18   Parte Young, 209 U.S. 123, 155-56, 161 (1908) (holding state attorney general with duty to
19   enforce challenged statute not entitled to Eleventh Amendment immunity).  Here, although
20   ACF alleges Dr. Sun is "specifically charged with the responsibility and authority to ensure
21   that all cities and counties that create ordinances under SB 861 comply with its
22   requirements," (see SAC at 3:15-17), neither § 31683 nor § 122331 provides for
23   enforcement by Dr. Sun, and ACF cites no other legal authority imposing such duties on Dr.
24   Sun.  Consequently, the Court need not accept as true ACF's conclusory allegation as to
25   Dr. Sun's enforcement responsibilities.  See Warren, 328 F.3d at 1139.

26   Second, where the state statute challenged as contrary to federal law does not "give[
27   ] rise to enforcement proceedings," federal courts have jurisdiction to hear a suit for
28   prospective injunctive relief against a state officer where the statute is "being given effect"

by such officer. See Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 704-05 (9th Cir. 1992) (denying Eleventh Amendment immunity; finding California Governor and Secretary of State, based on their respective roles in appointing judges and certifying subsequent elections for judicial positions, had sufficient "specific connection" to state statute prescribing number of judges on Los Angeles County Superior Court). Here, the Court need not determine whether either § 31683 or § 122331 is or is not "the type of statute that gives rise to enforcement proceedings," see id. at 704, because Dr. Sun's only connection to the challenged law is the receipt of statistics with respect to dog bites. Neither § 31683 nor § 122331 requires him to recommend or approve local spay or neuter programs or to take any action with respect to the statistics submitted. Consequently, Dr. Sun cannot be said to have "given effect," see id., to the challenged statutes.

Accordingly, the State Defendants' motion to dismiss the claims asserted against Dr. Sun will be granted.[4]

**CONCLUSION**

For the reasons set forth above, the State Defendants' motion to dismiss is hereby GRANTED, and each of the causes of action asserted against CDHS, CHHSA and Dr. Sun in the Second Amended Complaint is DISMISSED without prejudice to ACF's refiling said claims in state court.

**IT IS SO ORDERED.**

Dated: February 16, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[4] In light of the above rulings, the Court does not reach the State Defendants' additional arguments in support of dismissal.